IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

SAMUEL BETTIS,
    Petitioner,

vs.                                  Lead Case No.:  3:12cv165/LAC/EMT

MICHAEL D. CREWS,
    Respondent.
_____/

## REPORT AND RECOMMENDATION

    This cause is before the court on Petitioner's second amended petition and supporting memorandum, filed under 28 U.S.C. § 2254 (doc. 60).  Respondent filed a motion to dismiss the petition as untimely, with relevant portions of the state court record (doc. 67).  Petitioner responded in opposition to the motion (doc. 80).

    The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters.  *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b).  After careful consideration of all issues raised by Petitioner, it is the opinion of the undersigned that no evidentiary hearing is required for the disposition of this matter, Rules Governing Section 2254 Cases 8(a).  It is further the opinion of the undersigned that the pleadings and attachments before the court show that the petition should be dismissed as untimely.

I.    BACKGROUND AND PROCEDURAL HISTORY

    The procedural background of this case is established by the state court record (doc. 67).[1] Petitioner was charged in the Circuit Court in and for Escambia County, Florida, Case No. 2001-CF-

---

[1] Hereinafter all citations to the state court record refer to the electronically filed exhibits to Respondent's motion to dismiss (doc. 67) unless otherwise indicated.  Additionally, if a cited page has more than one page number, the court cites to the "Bates stamp" page number.

2816, with one count of robbery with a weapon (Count 1), one count of aggravated battery with great bodily harm or with a deadly weapon (Count 2), and one count of resisting a law enforcement officer without violence (Count 3) (Ex. C). Petitioner proceeded to trial by jury, and the jury found him guilty as charged on all counts (Ex. F). On March 27, 2002, the court sentenced Petitioner to thirty years of imprisonment as a Prison Releasee Reoffender on Count 1, a concurrent term of fifteen years of imprisonment on Count 2, and a term of one year in prison on Count 3, to run concurrently with Count 2 (Exs. G, H). Petitioner received pre-sentence jail credit of 273 days (*id.*).

Petitioner appealed the judgment to the Florida First District Court of Appeal ("First DCA"), Case No. 1D02-1422 (Exs. I, J). The First DCA affirmed the judgment per curiam without written opinion on April 29, 2003, with the mandate issuing May 15, 2003 (Ex. L). Bettis v. State, 845 So. 2d 186 (Fla. 1st DCA 2003) (Table). Petitioner did not seek further review.

On July 10, 2003, Petitioner filed a motion to modify or reduce sentence, pursuant to Rule 3.800(c) of the Florida Rules of Criminal Procedure (Ex. TT). In an order rendered July 28, 2003, the state circuit court denied the motion but ordered correction of two scrivener's errors in the judgment (Ex. UU).

On August 4, 2004, Petitioner filed a motion to correct illegal sentence, pursuant to Rule 3.800(a) of the Florida Rules of Criminal Procedure (Ex. M). The state circuit court dismissed the motion in an order rendered on October 11, 2004 (Ex. N). Petitioner appealed the decision to the First DCA, Case No. 1D04-5002 (Exs. O, P). The First DCA per curiam affirmed without written opinion on May 17, 2005, with the mandate issuing July 13, 2005 (Ex. R). Bettis v. State, 905 So. 2d 126 (Fla. 1st DCA 2005) (Table).

On July 17, 2005, Petitioner filed a petition for writ of habeas corpus in the First DCA, Case No. 1D05-3455, alleging ineffective assistance of appellate counsel (Ex. T). The First DCA denied the petition as untimely on October 10, 2005 (Ex. U). Bettis v. State, 915 So. 2d 646 (Fla. 1st DCA 2005) (Mem). The First DCA denied Petitioner's motion for rehearing on December 9, 2005 (Ex. V). Petitioner filed a petition for review in the Supreme Court of Florida, Case No. SC06-59 (Ex. W). The Supreme Court of Florida construed the petition as a petition for writ of mandamus and

denied it in an order rendered June 15, 2006 (Ex. X). Bettis v. State, 939 So. 2d 1057 (Fla. 2006) (Table). The court denied Petitioner's motion for rehearing on September 12, 2006 (Ex. Y).

On May 22, 2010, Petitioner filed a motion for post-conviction relief, pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure (Ex. Z). On July 19, 2010, the state circuit court summarily denied the motion (Ex. AA). Petitioner appealed the decision to the First DCA, Case No. 1D10-5177 (Exs. BB, CC). The First DCA per curiam affirmed without written opinion on February 21, 2011, with the mandate issuing April 26, 2011 (Ex. DD). Bettis v. State, 59 So. 3d 110 (Fla. 1st DCA 2011) (Table).

On October 14, 2010, while the appeal of the decision on his first Rule 3.850 motion was pending, Petitioner filed a second Rule 3.850 motion (Ex. FF). The state circuit court dismissed the motion as untimely (Ex. HH). Petitioner appealed the decision to the First DCA, Case No. 1D10-6704 (Exs. KK, LL). The First DCA per curiam affirmed without written opinion on May 9, 2011, with the mandate issuing August 1, 2011 (Ex. NN). Bettis v. State, 63 So. 3d 752 (Fla. 1st DCA 2011) (Table).

Petitioner filed the instant habeas action on April 3, 2012 (*see* doc. 1 at 6). He filed an amended petition on July 12, 2012 (doc. 13), and a second amended petition on February 10, 2014 (doc. 60). Respondent asserts the petition is untimely and should be dismissed (doc. 67).

II.   ANALYSIS

Pursuant to the requirements set forth in 28 U.S.C. § 2244, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, which became effective on April 24, 1996, a one-year period of limitation applies to the filing of a habeas petition by a person in custody pursuant to a state court judgment. The limitation period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Section 2244(d)(1).

Respondent contends the appropriate statutory trigger for the federal limitations period is § 2244(d)(1)(A), the date on which the judgment of conviction became final by the conclusion of direct review or the expiration of the time for seeking such review (*see* doc. 67 at 4). Respondent argues the judgment in Petitioner's case became final, for purposes of § 2244(d)(1)(A), upon expiration of the 90-day period in which he could have sought review in the United States Supreme Court (*see id.*). Thus, the judgment became final on July 28, 2003.

Petitioner asserts several theories as to why his federal petition should not be deemed untimely, including "newly discovered evidence," a State-created impediment, and equitable tolling (*see* doc. 80 at 2–83, 120–24). He argues he attempted to obtain a copy of the transcript of the robbery victim's deposition since 2003, but "state agencies" (specifically, the state clerk of court, the prosecutor's office, and the public defender's office) impeded his efforts by either failing to provide the transcript (Petitioner states the public defender's office told him it would be provided, but it was not) or failing to provide the transcript free of charge (Petitioner states the clerk of court and the prosecutor's office stated they would provide it if Petitioner paid a copying fee) (*see id.*; *see also* doc. 60). Petitioner alleges he finally obtained a copy of the deposition transcript free of charge from the prosecutor's office on September 21, 2008 (*see* doc. 60 at 5–6), and discovered that prior to his public defender's appointment to his criminal case, she was a frequent patron of the store owned by the victim, Misako Greenwood, which was the location where the robbery and aggravated battery occurred. Petitioner asserts this "newly discovered evidence" of the past "consumer/business owner" relationship between his trial counsel and the victim is the factual basis for many of his federal habeas claims, including his claims that his public defender represented him despite a conflict of interest (specifically, her past "consumer/business owner" relationship with the victim), and the prosecutor and trial court failed to disclose the conflict of interest to Petitioner and provide

him an opportunity to seek discharge of counsel (Petitioner asserts the trial court was aware of the conflict, because a copy of the victim's deposition was filed with the court on November 16, 2001). Petitioner contends that because he did not obtain the transcript until September 21, 2008, he is entitled to the benefit of a later statutory trigger for the limitations period, or equitable tolling until September 21, 2008 (*see id.*).[2]

The record reflects that On June 24, 2003, Petitioner began his quest for a copy of Ms. Greenwood's deposition transcript by requesting it from the public defender's office (*see* doc. 67, Ex. Z at 68; *see also* doc. 80, Ex. B). However, he did not obtain it until over five years later, on October 13, 2008, when the prosecutor's office sent him a copy (*see id.* at 69–115). Even if the federal statute of limitations did not commence until October 13, 2008, or was tolled until that date, Petitioner's Section 2254 petition would still be untimely. Petitioner had one year from that date, until October 13, 2009, to file his federal petition. *See* Downs v. McNeil, 520 F.3d 1311, 1318 (11th Cir. 2008) (limitations period should be calculated according to "anniversary method," under which limitations period expires on anniversary of date it began to run) (citing Ferreira v. Dep't of Corr., 494 F.3d 1286, 1289 n.1 (11th Cir. 2007)). Petitioner did not file his federal petition on or before October 13, 2009; therefore, it is untimely.

Additionally, Petitioner has not shown he is entitled to statutory tolling during the period October 13, 2008 to October 13, 2009, pursuant to Section 2244(d)(2). The state court record indicates there was no state post-conviction application pending during that time. Indeed, Petitioner had no state post-conviction applications pending from September 12, 2006, the date the state supreme court denied his motion for rehearing of its decision denying his mandamus petition, until May 22, 2010, the date Petitioner filed his first Rule 3.850 motion. *See* Tinker v. Moore, 255 F.3d 1331, 1333 (11th Cir. 2001) (any post-conviction applications filed after the one-year federal limitations period expired do not toll the limitations period, because there was no period remaining to be tolled); Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000). Petitioner has not shown he is entitled to statutory or equitable tolling during the period October 13, 2008 to October 13,

---

[2] As an additional ground for equitable tolling, Petitioner alleges he sustained an injury to his finger while he was exercising, which produced swelling, disfigurement, poor circulation, and discoloration, which prevented him from filing his federal petition sooner (*see* doc. 80 at 66). However, Petitioner does not allege when this injury occurred. Further, he admits the injury was "necessarily part of [ ] being incarcerated" and "physical injuries are to be expected from exercising" (*see id.*), thus admitting it was not an extraordinary circumstance.

Case No.: 3:12cv165/LAC/EMT

2009; therefore, he is not entitled to review of his federal habeas claims unless he demonstrates he qualifies to proceed through another gateway.

Petitioner contends he is entitled to review of his federal petition through the "actual innocence" gateway (*see* doc. 80 at 37–38, 73–74). In McQuiggin v. Perkins, — U.S. —, 133 S. Ct. 1924, 185 L. Ed. 2d 1019 (2013), the Supreme Court held that actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar or expiration of the statute of limitations. 133 S. Ct. at 1928. The Court cautioned, however, that "tenable actual-innocence gateway pleas are rare: '[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of [ ] new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *Id.* (quoting Schlup v. Delo, 513 U.S. 298, 329, 115 S. Ct. 851, 130 L. Ed. 2d 808 (1995) and citing House v. Bell, 547 U.S. 518, 538, 126 S. Ct. 2064, 165 L. Ed. 2d 1 (2006)). The Court stressed that the Schlup standard is demanding, and a petitioner should be allowed to pass through the gateway and argue the merits of his underlying claims only if he presents "'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.'" *Id.* at 1936 (quoting Schlup, 513 U.S. at 316).

In the instant case, Petitioner alleges he was incompetent to proceed to trial because he was suffering from depression and episodes of delusion of grandeur and paranoid schizophrenia resulting from an altercation with jail security just days prior to trial (*see* doc. 60 at 71–83; *see also* doc. 80, Ex. A-3). To the extent he offers his alleged incompetence to show he is actually innocent of the crimes, the offer is unavailing. Petitioner does not allege he suffered from mental illness at the time of the crimes, nor has he proffered any evidence suggesting he did not have the requisite culpable state of mind due to mental illness at the time of the crimes. Therefore, Petitioner's claim of incompetency does not open the "actual innocence" gateway.

Petitioner also alleges he informed his trial counsel of several witnesses whom "negated his involvement" in the crimes, but counsel failed to contact or investigate these witnesses (*see* doc. 60 at 55–56). Petitioner has not proffered any evidence of the identity of any of the alleged defense witnesses or the substance of their testimony. Although Petitioner submitted an affidavit from Mr. Alphonse Arnold, Petitioner's stepfather, the affidavit states only that Mr. Arnold was not allowed

to attend a court hearing in Petitioner's case on February 4, 2002 (*see* doc. 80, Ex. B). In Petitioner's second amended petition, he alleges his "father" attempted to attend a pre-trial hearing regarding suppression of the victim's identification of Petitioner as the robber, but his father was advised by security officers that the hearing was closed to the public (*see* doc. 60 at 23–24). The state court record confirms that on February 4, 2002, the trial court held a hearing on defense counsel's motion to suppress in-court identification testimony from the victim (doc. 67, Ex. D5). Mr. Arnold's affidavit, however, does not include any facts suggesting Petitioner is actually innocent of the crimes. Because Petitioner has not proffered any new, reliable evidence showing that he is innocent of the crimes, he failed to demonstrate he is entitled to review of his federal habeas claims through the "actual innocence" gateway. *See* Johnson v. Alabama, 256 F.3d 1156, 1172 (11th Cir. 2002).

III.   CONCLUSION

Petitioner's Section 2254 petition was filed after the federal limitations period expired. He has failed to demonstrate that tolling principles render his petition timely, or that he is entitled to review of his claims through the "actual innocence" gateway. Therefore, his federal habeas petition should be dismissed with prejudice as time-barred.

IV.   CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Rule 11(a), Rules Governing Section 2254 Cases. A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The undersigned finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483–84, 120 S. Ct. 1595, 1603–04, 146 L. Ed. 2d 542 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order. Rule 11(a) additionally provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Rule 11(a), Rules Governing Section

2254 Cases. If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

For the aforementioned reasons, it is respectfully **RECOMMENDED**:

1. That Respondent's motion to dismiss (doc. 67) be **GRANTED**.

2. That the Second Amended Petition (doc. 60) be **DISMISSED** with prejudice as untimely.

3. That a certificate of appealability be **DENIED**.

At Pensacola, Florida, this 12th day of August 2014.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**